J. Paul Gignac, State Bar No. 125676
ARIAS OZZELLO & GIGNAC LLP
115 S. La Cumbre Lane, Suite 300
Santa Barbara, California 93105
Telephone (805) 683-7400
Facsimile (805) 683-7401
Email: j.paul@aogllp.com

Robert W. Killorin, Esq.
Craig G. Harley, Esq.
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street NE
2300 Promenade II
Atlanta, Georgia 30309
Email: rkillorin@chitwoodlaw.com
Email: charley@chitwoodlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK BENITTI, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation, and DOES 1 through 1000, inclusive;<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §2511;**<br><br>**(2) DECLARATORY RELIEF UNDER THE DECLARATORY JUDGMENT ACT, 28 U.S.C. §2201;**<br><br>**(3) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; AND**<br><br>**(4) INVASION OF PRIVACY.**<br><br>**DEMAND FOR JURY TRIAL** |

All allegations in this Complaint, other than those allegations that are specific to plaintiff Ric Benitti ("Plaintiff"), are based upon information and belief. Plaintiff's information and belief are based upon, *inter alia*, Plaintiff's own investigation and the investigation conducted by Plaintiff's attorneys. Each allegation in this Complaint either has evidentiary support or, alternatively, is likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## NATURE OF THE ACTION

1. This is a nationwide class action, on behalf of Plaintiff and all other similarly-situated persons, seeking, *inter alia*, declaratory and injunctive relief, statutory penalties and/or damages, attorneys' fees, and other relief based. This case arises out of the actions of defendant Google, Inc. ("Google") in unlawfully intercepting and endeavoring to intercept encrypted and unencrypted wireless electronic communications without authorization in connection with the gathering of information purportedly for use in connection with its "Street View" program. As used herein, "unencrypted" means that a "key" was not required to decode intercepted communications. Rather, the data was sufficiently electronically transformed in order to obscure or hide its content so as to make the data not readily accessible to the general public absent the use of software intentionally developed and utilized to intercept wireless electronic communications.

2. As alleged herein, Google's actions violated, *inter alia*, the Federal Wiretapping Act, 18 U.S.C.A. § 2511, *et seq.* Google's actions also constitute an invasion of privacy and unfair competition under California law. Google's co-founder, Sergey Brin, conceded in a Wall Street Journal Article on May 20, 2010 that Google's systematic electronic communication interception program was a giant "screw up."

3. The relief that Plaintiff seeks is primarily equitable relief in that Plaintiff seeks declaratory and injunctive relief for the purpose of preventing Google from continuing to intercept, endeavoring to intercept, and intercepting in the future any and all wireless electronic communications, whether for use in Google's Street View program or otherwise.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because those claims are so related to federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this Court is appropriate because Google is headquartered in this district, because the conduct complained of emanated from within this district, and because the conduct complained of effected Plaintiff while he was a resident of this district.

## THE PARTIES

6. Plaintiff Ric Benitti is currently a resident of Santa Barbara, California. At time relevant hereto, specifically between 2005 and April 2010, Plaintiff was a resident of San Francisco, California. During times relevant hereto, Plaintiff used and maintained a wireless internet connection at his home. Plaintiff used his wireless internet connection to transmit and receive personal and private data, including personal and business emails, documents, web browsing and a variety of other personal information. Absent the use of software intentionally developed and utilized by Google to intercept wireless electronic communications, Plaintiff's wireless electronic communications were not readily accessible to the general public, and Plaintiff reasonably expected that his wireless electronic communications were not subject to interception.

7. Defendant Google is a publicly traded Delaware corporation with its headquarters located in Mountain View, California.

8. Plaintiff does not know the true names and capacities of DOES 1 thru 1000, inclusive, whether individual, corporate, association or otherwise and, therefore, sues said defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to include their true names and capacities when they have been ascertained.

DOES 1 thru 1000 are contractors, vendors and other third parties that were hired to work as Google's agents and that are in some manner legally responsible for the events, happenings and wrongdoing alleged in this Complaint.

9. In this Complaint, when reference is made to any act, deed or conduct of Google and/or DOES 1 thru 1000, the allegation means that Google and/or DOES 1 thru 1000 engaged in the act, deed or conduct by or through one or more of its and/or their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Google and/or DOES 1 thru 1000.

## FACTUAL BACKGROUND

10. One of Google's internet services is Google Street View ("Street View"). Street View is a technology featured in Google Maps and Google Earth -- Internet available products that provide panoramic views from various positions along many streets in the United States and throughout the world. Street View displays images taken from a fleet of specially adapted vehicles ("GSV vehicles"). Google launched the Street View service in May 2007, with 360-degree street level imagery of five American cities. Today, Google's Street View encompasses most of the United States.

11. Google, in conjunction with DOES 1 thru 1000, purposefully equipped the GSV Vehicles with, among other items, devices designed to intercept, capture and store electronic communications, whether such communications were encrypted or not, such as wireless signals and data of the sort transmitted by wireless networks such as that of Plaintiff. Plaintiff witnessed the GSV vehicles in the neighborhood in which he lived, but Plaintiff was unaware that the GSV Vehicles were attempting to intercept, capture and store his wireless electronic communications.

12. When Google and DOES 1 thru 1000 created, implemented and operated the data collection systems on the GSV vehicles, they included devices known as wireless packet sniffers that collect the fact of the communication, whether encrypted or not, and, in many cases, data in the form of electronic communications consisting of all or part of

documents, emails, video, audio and VOIP information that was being sent over wireless networks such as that used by Plaintiff.

13. Google and DOES 1 thru 1000 have engaged in an ongoing course of conduct to intercept and endeavor to intercept and then use or endeavor to use the electronic communications, both encrypted and unencrypted, of Plaintiff and others without authorization. As a result, hundreds if not thousands of Google employees throughout the United States have access to data maintained on Google's servers, which includes intercepted electronic communications of Plaintiff and others.

14. During the time that Google and DOES 1 thru 1000 were intercepting or endeavoring to intercept wireless electronic communications with the GSV vehicles: (a) Plaintiff maintained an open wireless network and internet connection at his residence; (b) Plaintiff's residence was located on a street for which GSV vehicles collected electronic communications on one or more occasions since 2007; and (c) Plaintiff regularly conducted business and personal activity over the wireless internet connection at his residence. Thus, a substantial amount of personal information was transmitted as electronic communications across Plaintiff's wireless internet connections and was subject to interception by the GSV vehicles.

15. Based thereon, Plaintiff has reasonable cause to believe that, on one or more occasions since 2007, a GSV vehicle has intercepted and stored Plaintiff's wireless electronic communications. Absent the use of the extraordinary sniffers and related software intentionally developed and utilized by Google and DOES 1 thru 1000 to intercept Plaintiff's wireless electronic communications, these electronic communications were not readily accessible to the general public.

16. Google and DOES 1 thru 1000 intentionally intercepted or endeavored to intercept both encrypted and unencrypted communications to be used for Google's commercial benefit. Google gained access to the content of intercepted electronic communications despite its statements that the primary purpose of its collection of and

interception of electronic communications was to record the fact of communication for later use and analysis.

## CLASS ACTION ALLEGATIONS

17. This action is brought and properly may be maintained as a class action pursuant to the provisions of Fed.R.Civ.P. 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

18. Plaintiff seeks to represent a nationwide class ("the Class") defined as follows: "All residents of the United States whose wireless electronic communications were intercepted and/or used by Google for Google's Street View program."

19. Plaintiff also seeks to represent a California resident subclass ("the California Subclass") defined as follows: "All residents of the State of California whose wireless electronic communications were intercepted and/or used by Google for Google's Street View program."

20. As used herein, the term "class members" shall mean and refer to the members of the Class and/or the California Subclass.

21. The class members are so numerous that joinder of all class members in one action is impractical.

22. There are questions of fact that are common to Plaintiff and the class members, including:

   (a) Whether Google and/or DOES 1 thru 1000 intentionally intercepted the class members' electronic communications; and

   (b) Whether Google and/or DOES 1 thru 1000 used the class members' electronic communications without their authorization.

23. There are questions of law that are common to Plaintiff and the class members, including:

   (a) Whether the conduct of Google and/or DOES 1 thru 1000 violated one or more of the provisions of 18 U.S.C. § 2511 *et seq.*;

(b) Whether the conduct of Google and/or DOES 1 thru 1000 has resulted in an actual controversy such that declaratory relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. §2201;

(c) Whether the conduct of Google and/or DOES 1 thru 1000 constitutes and unfair business practice in violation of California Business and Professions Code §17200;

(d) Whether the conduct of Google and/or DOES 1 thru 1000 constitutes and unlawful business practice in violation of California Business and Professions Code §17200; and

(e) Whether the conduct of Google and/or DOES 1 thru 1000 constitutes an invasion of the class members' privacy under California law.

24. The questions of law and fact that are common to the class members predominate over the questions of law or fact, if any, which are individual to particular class members.

25. Plaintiff's claims are typical of the claims of the class members.

26. Plaintiff will fairly and adequately protect the interests of the class members, and Plaintiff has no interests that are adverse to or that directly and irrevocably conflict with those of the other class members.

27. Plaintiff has retained counsel who are experienced in litigation, including complex class litigation, and who will zealously pursue the claims of the class members.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual class members, while not inconsequential, may be relatively small such that the expense and burden of individual litigation make it economically unfeasible for the class members to initiate and pursue individual litigation in order to redress the wrongs done to them. Moreover, there will be no difficulty in the management of this case as a class action.

**CLASS ACTION COMPLAINT**

29. This action is certifiable under the provisions of Fed.R.Civ.P. 23(b)(1) and/or 23(b)(2) because:

(a) the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Google and DOES thru 1000;

(b) the prosecution of separate actions by individual class members would create a risk of adjudications as to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Google and DOES 1 thru 1000 have acted or refused to act on grounds generally applicable to the class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class members as a whole and necessitating that any such relief be applied on a class wide basis.

30. The class members are readily identifiable through records maintained by Google, and notice can be provided to the class members using methods and techniques (*e.g.* direct mail, publication, email, etc.) that have been accepted and approved by the courts for purposes of providing notice to class members in other nationwide class actions.

## CLAIMS FOR RELIEF

### First Claim For Relief

### (Violation of the Federal Wiretap Act, 18 U.S.C. § 2511)

31. Plaintiff repeats and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

32. Google and DOES 1 thru 1000: (a) without authorization, intentionally intercepted or endeavored to intercept both encrypted and unencrypted electronic communications of Plaintiff and the class members; and/or (b) intentionally used or endeavored to use the electronic communications of Plaintiff and the class members knowing or having reason to know that the information was obtained through the interception of electronic communications.

33. As a direct and proximate result of their deliberate and intentional conduct, Google and DOES 1 thru 1000 violated the Federal Wiretap Act, 18 U.S.C. § 2511(1)(a) and/or (d).

34. Pursuant to 18 U.S.C. § 2520, Plaintiff and each of the class members are entitled to statutory damages and other relief as follows:

    (a) statutory damages in the amount of the greater of $100 each day that each person's data was intercepted or $10,000 per class member;

    (b) alternatively, to the extent they are greater than the maximum allowable statutory damages, all profits made by Google and DOES 1 thru 1000 as a result of the violations alleged herein;

    (c) punitive damages in an amount to be determined at trial, but in an amount sufficient to prevent the same or similar conduct by Google and DOES 1 thru 1000 in the future; and

    (d) reasonable attorneys' fees and other litigation costs incurred by Plaintiff and the class members.

## Second Claim For Relief

**(Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201)**

35. Plaintiff repeats and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

36. An actual controversy has arisen and now exists between Plaintiff and the class members, on one hand, and Google and DOES 1 thru 1000, on the other hand, concerning their respective rights and duties.

37. Plaintiff and the Class Members contend that the practices engaged in by Google and DOES 1 thru 1000 of intentionally intercepting or endeavoring to intercept both encrypted and unencrypted electronic communications of Plaintiff and the class members and/or intentionally using or endeavoring to use the electronic communications of Plaintiff and the class members knowing or having reason to know that the information was obtained through the interception of electronic communications is improper and

unlawful, while Google and DOES 1 thru 1000 maintain that their actions and conduct are lawful and proper. 38. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiff and the class members may ascertain their rights and duties with respect to the practices of Google and DOES 1 thru 1000 as alleged herein.

### Third Claim For Relief

**(Violation of California Business and Professions Code §17200, et seq.)**

39. Plaintiff repeats and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

40. Google and DOES 1 thru 1000 have engaged in and continue to engage in the unfair and /or unlawful business practices of: (a) without authorization, intentionally intercepted or endeavored to intercept both encrypted and unencrypted electronic communications of Plaintiff and the class members; and/or (b) intentionally used or endeavored to use the electronic communications of Plaintiff and the class members knowing or having reason to know that the information was obtained through the interception of electronic communications.

41. By engaging in these practices, Google and DOES 1 thru 1000 have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200, *et seq*.

42. The practices engaged in by Google and DOES 1 thru 1000 are unfair because they are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and the class members.

43. The practices engaged in by Google and DOES 1 thru 1000 are unlawful because they violate the Federal Wiretap Act, 18 U.S.C. § 2511(1)(a) and/or (d) and because they constitute an invasion of privacy.

44. Unless Google and DOES 1 thru 1000 are enjoined from continuing to engage in these unfair and unlawful business practices and ordered to dispose of the wrongfully intercepted wireless electronic communications, Plaintiff and the other class

members will continue to be injured by the wrongful actions and conduct of Google and DOES 1 thru 1000.

### Fourth Claim For Relief

### (Invasion of Privacy)

45. Plaintiff repeats and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

46. Without consent, Google and DOES 1 thru 1000 intruded into the private places, conversations, and matters of Plaintiff and the class members in a manner that would be highly offensive to a reasonable person such as to constitute an invasion of privacy under California law.

47. As a direct and proximate result of the actions and conduct of Google and DOES 1 thru 1000, the privacy rights of Plaintiff and the class members have been invaded and violated.

48. Unless Google and DOES 1 thru 1000 are enjoined from continuing to invade the privacy of Plaintiff and the class members and ordered to dispose of the wrongfully intercepted wireless electronic communications, Plaintiff and the other class members will continue to be injured by the wrongful actions and conduct of Google and DOES 1 thru 1000.

### PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the class members, prays for relief against Google and DOES 1 thru 1000 as follows:

#### On The First Claim For Relief

For statutory damages in the amount of the greater of $100 each day that each person's data was intercepted or $10,000 per class member;

Alternatively, to the extent they are greater than the maximum allowable statutory damages, for all profits made by Google and DOES 1 thru 1000 as a result of the violations alleged herein;

For punitive damages in an amount to be determined at trial; and

For reasonable attorneys' fees and other litigation costs incurred by Plaintiff and the class members.

### On The Second Claim For Relief

That this Court declare that that the practices engaged in by Google and DOES 1 thru 1000 of intentionally intercepting or endeavoring to intercept both encrypted and unencrypted electronic communications of Plaintiff and the class members and/or intentionally using or endeavoring to use the electronic communications of Plaintiff and the class members knowing or having reason to know that the information was obtained through the interception of electronic communications is improper and unlawful.

### On The Third Claim For Relief

For an order enjoining Google and DOES 1 thru 1000 from intentionally intercepting or endeavoring to intercept both encrypted and unencrypted electronic communications of Plaintiff and the class members and/or intentionally using or endeavoring to use the electronic communications of Plaintiff and the class members; and

For an order mandating the time and manner of the disposition of the wireless electronic communications captured by Google and DOES 1 thru 1000 that belong to Plaintiff and the class members.

### On The Fourth Claim For Relief

For an order enjoining Google and DOES 1 thru 1000 from intentionally intercepting or endeavoring to intercept both encrypted and unencrypted electronic communications of Plaintiff and the class members and/or intentionally using or endeavoring to use the electronic communications of Plaintiff and the class members; and

For an order mandating the time and manner of the disposition of the wireless electronic communications captured by Google and DOES 1 thru 1000 that belong to Plaintiff and the class members.

## On All Claims For Relief

For all attorneys' fees, expenses and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action, provided that this action results in the establishment and/or protection of the rights of the class members and/or confers a substantial benefit on the class members; and

For such other and further relief as the Court deems just and proper.

Dated: July 26, 2010

ARIAS OZZELLO & GIGNAC LLP

By _____
J. Paul Gignac

and

Robert W. Killorin, Esq.
Craig G. Harley, Esq.
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street NE
2300 Promenade II
Atlanta, Georgia 30309
Email: rkillorin@chitwoodlaw.com
Email: charley@chitwoodlaw.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: July 26, 2010                    ARIAS OZZELLO & GIGNAC LLP

                                        By _____
                                           J. Paul Gignac

                                        and

                                        Robert W. Killorin, Esq.
                                        Craig G. Harley, Esq.
                                        CHITWOOD HARLEY HARNES LLP
                                        1230 Peachtree Street NE
                                        2300 Promenade II
                                        Atlanta, Georgia 30309
                                        Email: rkillorin@chitwoodlaw.com
                                        Email: charley@chitwoodlaw.com


                                        Attorneys for Plaintiff